UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GATHA N. LOGAN, Jr.<br>    *Plaintiff,*<br><br>VS.<br><br>LAW FIRM OF JENKINS AND<br>HAMBENICHT, PLLC<br>    *Defendant.* | CASE NO 1:15-cv-305-HSM-CHS |

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Gatha N. Logan, Jr., acting *pro se*, has filed an application to proceed *in forma pauperis* [Doc.1]. Before the undersigned considers the plaintiff's *in forma pauperis* application, I should review his complaint pursuant to 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

Furthermore, the court has a duty to determine whether the court has subject matter jurisdiction to adjudicate an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.") The party seeking to bring a

1

case into federal court carries the burden of establishing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity – no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010).

In the instant case, there is no allegation in the complaint indicating damages exceed $75,000. Further, the complaint fails to establish that the plantiff and defendant are citizens of different states. Thus, the complaint fails to establish subject matter jurisdiction by diversity of citizenship.

To establish jurisdiction on the basis of a federal question, the action must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is nothing in the complaint to indicate that this action arises under "the Constitution, laws, or treaties of the United States." Rather, it appears plaintiff is bringing this action against defendant under the Tennessee common law cause of action of conversion. Thus, the complaint also fails to establish subject matter jurisdiction on the basis of a federal question.

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only

the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). The complaint does not contain the requisite jurisdictional statement setting forth the basis on which this court has subject matter jurisdiction in this case.

It is clear to the undersigned that jurisdiction does not exist. Accordingly, it is RECOMMENDED[1] the complaint be **DISMISSED without prejudice** and the *in forma pauperis* application (Doc. 1) be DENIED as moot.

*s/Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).